UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JEFFREY L.,[1]

       Plaintiff,

  v.                                      18-CV-6482-LJV
                                                        DECISION & ORDER

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.
_____

The plaintiff, Jeffrey L. ("Jeffrey"), is a prevailing party in this social security benefits action. His counsel has moved for attorney's fees under 42 U.S.C. § 406(b)(1)(A). Docket Item 19. The defendant does not oppose the motion but defers to the Court to determine whether the motion is timely. Docket Item 21.

## I.    TIMELINESS

On August 2, 2019, the United States Court of Appeals for the Second Circuit held that section 406(b)(1)(A) motions must be filed within fourteen days of the claimant's receiving a notice of award. *Sinkler v. Berryhill*, 932 F.3d 83, 87-88 (2d Cir. 2019). Notwithstanding this deadline, the Second Circuit made it clear that "district courts are empowered to enlarge that filing period where circumstances warrant." *See id.* at 89.

---

[1] To protect the privacy interests of social security litigants while maintaining public access to judicial records, this Court will identify any non-government party in cases filed under 42 U.S.C. § 405(g) only by first name and last initial. Standing Order, Identification of Non-government Parties in Social Security Opinions (W.D.N.Y. Nov. 18, 2020).

The Social Security Administration ("SSA") issued Jeffrey a notice of change in benefits letter on June 12, 2021.  Docket Item 19-3 at 1.  That notice indicated that Jeffrey was entitled to past-due benefits and that $20,243.75 had been withheld to pay attorney's fees.  *See id.* at 2.

A notice of change in benefits letter is not the same as a notice of award letter, however.  *See Esposito v. Saul*, 2020 WL 3026459, at *2-3 (D. Conn. June 5, 2020).  So, on July 23, 2021, this Court ordered Jeffrey's counsel to advise the Court whether he had received a notice of award letter.  Docket Item 22.  On August 5, 2021, Jeffrey's counsel responded that he "has not received any document titled 'Notice of Award,' . . . only a letter dated June 12, 2021[,] titled 'Notice of Change in Benefits.'"  Docket Item 23 at 1.

Because Jeffrey's counsel did not receive a notice of award letter, the fourteen-day limitations period did not begin to run until he received the notice of change in benefits letter mailed no earlier than June 12 and learned his possible fee.  *See Esposito*, 2020 WL 3026459, at *3; *see also Sinkler*, 932 F.3d at 88 (The fourteen-day limitations period begins "[o]nce counsel receives notice of the benefits award—and, therefore, the maximum attorney's fees that may be claimed.").  There is no dispute that this motion was filed within fourteen days of counsel's receipt of the notice of change in benefits letter,[2] *see* Docket Item 19 (motion for attorney fees filed on June 29, 2021); therefore, it was timely under *Sinkler*.

---

[2] The notice of change in benefits letter was dated June 12, 2021, *see* Docket Item 19-3, and under Federal Rule of Civil Procedure 6(d), a document is deemed received three days after mailing.  The motion for attorney's fees therefore was due, and indeed was filed on, June 29, 2021.

**II.     REASONABLENESS**

Section 406(b)(1)(A) provides:

Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

Jeffrey's counsel seeks $20,243.75 in fees, which is 25% of the past-due benefits and is consistent with the contingent-fee agreement that provides for attorney's fees in the amount of 25% of any recovery.  Docket Item 19-3 at 2; Docket Item 19-5.

Having reviewed counsel's fee request and supporting documentation, this Court finds that the requested fee is reasonable based on counsel's experience in social security law, the character of the representation provided, and the favorable results achieved.  See *Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002).  Moreover, there is no indication that this fee is a windfall.[3]  *Id.*  The $20,243.75 fee request therefore is granted under 42 U.S.C. § 406(b)(1)(A).

By stipulation approved and ordered on May 6, 2021, this Court previously awarded Jeffrey's counsel $5,358.14 in fees under the Equal Access to Justice Act

---

[3] While the fee here constitutes an hourly rate of $784.64—high by Western New York standards—the precedent cited in counsel's fee application and the incentive necessary for counsel to take contingency-fee cases weigh in favor of approving the fee here.  See *Gisbrecht*, 535 U.S. at 808 (noting that "a record of the hours spent representing the claimant" can be used by the court "as an aid to [its] assessment of the reasonableness of the fee yielded by the fee agreement").

3

("EAJA"), 28 U.S.C. § 2412(d).  Docket Items 17, 18.  Because the fees granted above exceed the EAJA fees, Jeffrey's counsel must refund the EAJA fees to him.  *See Wells v. Bowen*, 855 F.2d 37, 42 (2d Cir. 1988).

## **ORDER**

In light of the above,

IT IS HEREBY ORDERED that the plaintiff's motion for attorney's fees under 42 U.S.C. § 406(b)(1)(A) in the amount of $20,243.75, Docket Item 19, is GRANTED; and it is further

ORDERED that Jeffrey's counsel shall refund the $5,358.14 in EAJA fees to Jeffrey within fourteen days of the entry date of this decision and order.

SO ORDERED.

Dated:	August 11, 2021
	Buffalo, New York


	 */s/ Lawrence J. Vilardo*
	LAWRENCE J. VILARDO
	UNITED STATES DISTRICT JUDGE